# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

Shelby Jo Addison,

    Plaintiff,

v.

TransUnion, LLC and 21st Mortgage Corporation

    Defendants.

Case No.: 3:15-cv-195-TCB-RGV

**COMPLAINT**
**WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action for damages is based on Defendants' false reporting on Plaintiff's credit reports, failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct reasonable investigations with respect to such information.

## PARTIES

1. Plaintiff, Shelby Jo Addison, is natural person who resides in Coweta County, Georgia.

2. Plaintiff is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3. Defendant, 21st Mortgage Corporation (hereinafter "21st") does business in Georgia.

4.   21st regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about Plaintiff's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

5.   Defendant TransUnion, LLC (hereinafter "TransUnion") is a credit bureau doing business in Georgia.

6.   TransUnion regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports, and accordingly, is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

7.   Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

8.   Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9.   On April 3, 2012, Plaintiff filed a voluntary bankruptcy petition under Chapter 13 of the bankruptcy code in the Northern District of Georgia, case number 12-10981.

10. At the time Plaintiff filed her bankruptcy, Plaintiff had a first mortgage loan with 21st, account number 434**.

11. Plaintiff received a discharge of her debts by Order of the Bankruptcy Court dated August 4, 2015.

12. Plaintiff's mortgage debt with 21st was not discharged in Plaintiff's bankruptcy.

13. On or about September 8, 2015, Plaintiff obtained a copy of her credit report as published by TransUnion.

14. That report contained erroneous information as provided by 21st and published and reported by TransUnion. Specifically, the Defendants reported and published that the Plaintiff's mortgage loan with 21st had a balance of $0, and that the last payment Plaintiff made on July 17, 2015 was $0.

15. Because Plaintiff's mortgage debt to Defendant 21st was not discharged in Plaintiff's bankruptcy, and Plaintiff has made regular and timely payments as far back as March 2010, the information described above was both false and misleading.

16. In letters dated November 3, 2015, Plaintiff disputed the inaccurate and misleading information to directly to both Defendants and advised both Defendants of specific facts that rendered their reporting inaccurate and misleading.

17. Upon information and belief, TransUnion timely notified 21st of the Plaintiff's dispute, as required by 11 U.S.C. § 1681i.

18. In a document dated November 11, 2015, TransUnion advised Plaintiff that it had completely investigated Plaintiff's dispute. TransUnion provided a copy of the tradeline as reported that reproduced the errors identified by Plaintiff in her original dispute letter. The tradeline also now included information indicating the 21st mortgage debt had been discharged in bankruptcy, which it had not, thus making the reporting negative and adversely affecting Plaintiff's credit file. A true and correct copy of the relevant pages of this document is attached as "EXHIBIT A."

19. There is no indication in the tradeline of the "verified" report that Plaintiff has disputed the information published by Defendants.

20. TransUnion was required to communicate the specifics of Plaintiff's dispute to 21st. Likewise, 21st had a duty to investigate the dispute and accurately report its findings to TransUnion.

21. 21st is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever they furnish information for inclusion in consumer reports.

22. TransUnion is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever they prepare consumer reports.

23. TransUnion had an affirmative duty to independently investigate the dispute submitted by Plaintiff and to accurately report the tradeline information, notwithstanding the information it received from 21st.

24. Defendants are each responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared database.

25. Each and both of the Defendants, independently and jointly, breached their duties as described above.

26. Due to Defendants' respective failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct reasonable investigations of Plaintiff's disputes, the indications on Plaintiff's credit reports that Plaintiff's 21st mortgage debt had a balance of $0 and that Plaintiff's last payment was $0 were not appropriately deleted or modified.

27. Due to Defendants' respective failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct reasonable investigations of Plaintiff's disputes, the 21st mortgage debt tradeline on Plaintiff's consumer report now includes additional false and

misleading information indicating that the 21st mortgage debt has been discharged in bankruptcy, which it has not, and thus makes the reporting negative and adversely affects Plaintiff's credit file and credit score.

28. As a result of Defendants' willful actions and omissions, Plaintiff is eligible for statutory damages.

29. Also as a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including but not limited limitation suppression of her credit score and the inability to refinance her mortgage at a more advantageous rate, out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to her credit rating and emotional distress.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i
### (TransUnion, LLC)

31. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

32. Defendant TransUnion willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

33. TransUnion willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

34. As a result of TransUnion's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including but not limited to suppression of her credit score and the inability to refinance her mortgage at a more advantageous rate, out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to her credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

35. TransUnion's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

36. Plaintiff is entitled to recover costs and attorney's fees from TransUnion pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,**

## 15 U.S.C. § 1681s-2(b)
## (21st Mortgage Corporation)

37. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

38. Defendant 21st willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

39. As a result of 21st's violations of § 1681s-2(b), Plaintiff has suffered actual damages, including but not limited to suppression of her credit score and the inability to refinance her mortgage at a more advantageous rate, out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to her credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

40. Defendant 21st's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

41. Plaintiff is entitled to recover costs and attorney's fees from Defendant 21st pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

a.) Plaintiff's actual damages;

b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o; and

d.) Such other and further relief as may be just and proper.

Respectfully submitted this 10th day of December, 2015.

*/s/ Matthew T. Berry*
Plaintiff's Attorney
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
matt@mattberry.com

*/s/ Paul J. Sieg*
Plaintiff's Attorney
Paul J. Sieg, Bar No.: 334182
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3305
Fax (404) 235-3333
psieg@mattberry.com